# NO. 24-2170

In The

# United States Court Of Appeals
## For The Fourth Circuit

**CLINCHFIELD COAL COMPANY,**
**c/o HealthSmart Casualty Claims Solutions,**

*Petitioner,*

v.

**DIRECTOR, OFFICE OF WORKERS'**
**COMPENSATION PROGRAMS,**
**UNITED STATES DEPARTMENT OF LABOR;**
**KELLIS C. BARTON**

*Respondents.*

ON APPEAL FROM THE BENEFITS REVIEW BOARD
BRB-1 : 23-0360-BLA

———————

BRIEF OF PETITIONER

———————

Timothy W. Gresham
Kendra R. Prince
PENN, STUART & ESKRIDGE
208 East Main Street
Abingdon, VA 24210
(276) 628-5151
tgresham@pennstuart.com
kprince@pennstuart.com

*Counsel for Petitioner*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.


No. 24-2170           Caption: Clinchfield Coal Company v. Kellis Barton

Pursuant to FRAP 26.1 and Local Rule 26.1,

Clinchfield Coal Company
(name of party/amicus)


who is _____petitioner_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1. Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO


2. Does party/amicus have any parent corporations?                ☑ YES ☐ NO
   If yes, identify all parent corporations, including all generations of parent corporations:

   Thames Development; Pittston Coal Company; Pittston Minerals Group, Inc.; The Brinks Company


3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?              ☑ YES ☐ NO
   If yes, identify all such owners:
   Brinks Company indirectly owns 100% of the stock of Clinchfield Coal Company

4.    Is there any other publicly held corporation or other publicly held entity that has a direct
      financial interest in the outcome of the litigation?                    ☐YES ☑NO
      If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
      If yes, identify any publicly held member whose stock or equity value could be affected
      substantially by the outcome of the proceeding or whose claims the trade association is
      pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?                    ☐YES ☑NO
      If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a
      party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the
      caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held
      corporation that owns 10% or more of the stock of the debtor.

7.    Is this a criminal case in which there was an organizational victim?    ☐YES ☑NO
      If yes, the United States, absent good cause shown, must list (1) each organizational
      victim of the criminal activity and (2) if an organizational victim is a corporation, the
      parent corporation and any publicly held corporation that owns 10% or more of the stock
      of victim, to the extent that information can be obtained through due diligence.

Signature: s/Timothy W. Gresham                          Date:        12/6/2024

Counsel for: Clinchfield Coal Company

- 2 -

Print to PDF for Filing

# **TABLE OF CONTENTS**

**Page**

DISCLOSURE STATEMENT

TABLE OF AUTHORITIES ...................................................................... iii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION............................................................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................2

I.      ARE THE BOARD's FINDINGS THAT THE ALJ PROPERLY FOUND THE CLAIMANT PROVED THE MINER WAS TOTALLY DISABLED PURSUANT TO THE REGULATIONS SUPPORTED BY SUBSTANTIAL EVIDENCE, RATIONAL, AND ACCORDING TO LAW ...................................................................................................2

STATEMENT OF THE CASE.................................................................................2

SUMMARY OF THE ARGUMENTS .....................................................................3

ARGUMENT ...........................................................................................................4

I.      STANDARD OF REVIEW ..........................................................................4

II.     THE BOARD ERRED IN AFFIRMING THE ALJ'S FINDINGS THAT THE CLAIMANT PROVED HE WAS TOTALLY DISABLED FROM A PULMONARY OR RESPIRATORY STANDPOINT ................................................................................5

        A.      The Board's and the ALJ's consideration of the medical opinions finding total disability does not comply with the applicable law or the Administrative Procedure Act and is not supported by substantial evidence................................................................................7

        B.      Substantial evidence does not support the ALJ'S findings regarding Dr. Sargent's medical opinion and the diagnostic evidence, nor do the findings comply with applicable law or the Administrative Procedure Act............................................................16

i

CONCLUSION ...................................................................................... 20

REQUEST FOR ORAL ARGUMENT ................................................... 20

CERTIFICATE OF COMPLIANCE ....................................................... 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Anderson v. Valley Camp of Utah, Inc.,
    12 B.L.R. 1-111 (1989) ...................................................................6

Budash v. Bethlehem Mines Corp.,
    9 BLR 1-48,  13 BLR 1-46 (1986), affirmed on reconsideration,
    9 BLR 1-104 (1986)......................................................................12

Dehue Coal Co. v. Ballard,
    65 F.3d 1189 (4th Cir. 1995) ...........................................................5

Director, OWCP v. National Mines Corp.,
    554 F.2d 1267 (4th Cir. 1977) ....................................................1, 8

Duke v. Director, OWCP,
    6 B.L.R. 1-673 (1983) ....................................................................8

Fuller v. Gibraltar Corp.,
    6 B.L.R. 1-1292 (1984) ..................................................................8

Gee v. W.G. Moore and Sons,
    9 BLR 1-4 (1986)..........................................................................12

Jewell Smokeless Coal Corporation v. Street,
    42 F.3d 241 (4th Cir. 1994) .............................................................6

King v. Califano,
    615 F.2d 1018 (4th Cir. 1980) .........................................................9

McMath v. Director, OWCP,
    12 BLR 1-6 (1988).........................................................................9

Milburn Colliery Co. v. Hicks,
    138 F.3d 524 (4th Cir. 1998) .............................................4, 5, 6, 14

Peabody Coal Co. v. Lowis,
    708 F.2d 266 (7th Cir. 1983) .........................................................17

RB&F Coal, Inc. v. Mullins,
      842 F.3d 279 (4th Cir. 2016) ...................................................................5

Richardson v. Perales,
      402 U.S. 389 (1971)...............................................................................5

Sea "B" Mining Co. v. Addison,
      831 F.3d at 252-53 .................................................................................9

Sterling Smokeless Coal Co. v. Akers,
      131 F.3d 438 (4th Cir. 1997) ............................................................4, 17

West Virginia Pneumoconiosis Fund v. Director, OWCP,
      671 F.3d 378 (4th Cir. 2011) ..................................................................6

Westmoreland Coal Co. v. Cox,
      602 F.3d 276 (4th Cir. 2010) ..................................................................5

Wright v. Director, OWCP,
      8 BLR 1-245 (1985).............................................................................12

**Statutes**

5 U.S.C. § 557(c)(3)(A) ................................................................................7

5 U.S.C. § 706 ..............................................................................................8

30 U.S.C. § 901 ............................................................................................1

30 U.S.C. § 902(f)(1)(A) ...............................................................................9

30 U.S.C. § 921(c)(3) ....................................................................................6

30 U.S.C. § 921(c)(4) ....................................................................................6

30 U.S.C. § 932(a) ........................................................................................1

33 U.S.C. § 919(d) ........................................................................................1

33 U.S.C. § 921(b) ........................................................................................1

33 U.S.C. § 921(c) ........................................................................................1

Administrative Procedure Act (APA)........................................7, 8, 13, 16

Federal Coal Mine Health and Safety Act of 1969 Title IV ......................................1

**Rules**

20 C.F.R § 718.201 ........................................................................9

20 C.F.R. § 718.204 ...................................................................3, 16

20 C.F.R. § 718.204(b)(1).............................................................12

20 C.F.R. § 718.204(b)(1)(i)............................................................9

20 C.F.R. § 718.204(b)(2)............................................................5, 7

20 C.F.R. § 718.204(b)(2)(iv)...........................................8, 9, 14, 18

20 C.F.R. § 718.204(d) ................................................................11

20 C.F.R § 718.204(d)(5)...............................................................15

20 C.F.R. § 718.305(b)(1)(iii)...........................................................6

20 C.F.R. § 718.305(b)(3)...............................................................11

20 C.F.R. § 718.305(d)(1)................................................................6

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

This appeal is from a claim for miner's benefits under Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended ("the Act"), 30 U.S.C. § 901, et seq.  The Administrative Law Judge ("ALJ") authorized to decide cases under the Act issued a decision on remand on May 31, 2023.  Joint Appendix ("JA") 33. 33 U.S.C. § 919(d), as incorporated by 30 U.S.C. § 932(a); Director, OWCP v. National Mines Corp., 554 F.2d 1267 (4th Cir. 1977).  The Benefits Review Board ("the Board") reviewed the ALJ's decision under the authority granted it under 33 U.S.C. § 921(b), as incorporated by 30 U.S.C. § 932(a).  On September 30, 2024, the Board affirmed the ALJ's May 31, 2023 decision on remand.  JA 5. This Court has jurisdiction to review the Board's decision pursuant to 33 U.S.C. § 921(c), as incorporated by 30 U.S.C. § 932(a).  The Petitioner invoked this Court's jurisdiction by filing a Petition for Review on November 25, 2024, within 60 days of the Board's decision.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

I.    ARE THE BOARD's FINDINGS THAT THE ALJ PROPERLY
      FOUND THE CLAIMANT PROVED THE MINER WAS TOTALLY
      DISABLED PURSUANT TO THE REGULATIONS SUPPORTED
      BY SUBSTANTIAL EVIDENCE, RATIONAL, AND ACCORDING
      TO LAW?

## STATEMENT OF THE CASE

Kellis Barton ("Claimant") filed his claim for federal black lung benefits on

January 16, 2017.  JA 236. The Department of Labor ("DOL") identified Clinchfield

Coal Company ("Clinchfield") as the potentially liable operator in the Notice of

Claim issued on February 2, 2017. JA 313. Clinchfield responded on February 20,

2017. JA 318. After receiving the results of the DOL medical examination, the

district director issued the Schedule for the Submission of Additional Evidence

("SSAE") on May 12, 2017. JA 327. DOL issued the Proposed Decision & Order

("PDO") as an award on August 24, 2017.  JA 342.  Clinchfield challenged the PDO

and requested a hearing.  JA 356.  The Director referred the claim to the Office of

Administrative Law Judges ("OALJ") on November 3, 2017.  JA 378.

After the referral, the case was assigned to Administrative Law Judge Bland

("the ALJ" or "Judge Bland"). The hearing took place on September 12, 2018. JA

65. At the hearing, Judge Bland admitted to the record, Director's Exhibits ("DX")

1 through 33, Claimant's Exhibits ("CX") 1, 3, 5, and Employer's Exhibits ("EX")

1-6.  The ALJ issued the Decision and Order ("D&O") on September 18, 2020

denying benefits. JA 65. The Claimant appealed. On January 31, 2022, the Board issued its decision vacating the September 18, 2020 D&O and remanding for further consideration and clarification. JA 45-52. On May 31, 2023, the ALJ issued the D&O on remand as an award. JA 33-44. Clinchfield appealed the D&O on remand. JA 30. The Board issued the D&O on September 30, 2024 affirming the ALJ's D&O on remand. JA 5-14. Clinchfield timely filed an appeal of the January 31, 2022 and September 30, 2024 Decisions and Orders by the Board on November 25, 2024.

## SUMMARY OF THE ARGUMENTS

The ALJ committed several errors in her May 31, 2023 D&O on remand awarding benefits. JA (33-44). The Board failed to correct those errors in its September 30, 2024 decision. JA 33-44. Specifically, the ALJ erred by finding claimant met his burden of proving he was entitled to benefits. The ALJ's finding that Claimant proved he was totally disabled pursuant to 20 C.F.R. § 718.204 is not in accordance with the law. The ALJ substituted her lay opinion for that of the medical experts, mischaracterized the physician's opinions, relieved Claimant of his burden of proof, and failed to consider the medical evidence as a whole when finding Claimant totally disabled from a respiratory or pulmonary impairment. The ALJ and the Board ignored case law that requires ALJ's to critically review all the evidence and review the evidence against "contrary probative evidence." The Board erred by

3

failing to require the ALJ to critically review and consider the evidence that did not ultimately support her findings.

As the ALJ's findings and the Board's affirmance are not supported by substantial evidence, rational or according to law, this Court must vacate the decisions of the Board and of the ALJ and remand the case for proper consideration and evaluation of the evidence considering the controlling precedential case law, regulations, and statutes.

## ARGUMENT

### I.    STANDARD OF REVIEW

The Court reviews:

> claims for benefits under the Act to determine whether substantial evidence supports the ALJ's findings of fact . . . [i]n determining whether the substantial evidence supports the ALJ's factual determinations [the Court] must first address whether all the relevant evidence has been analyzed and whether the ALJ has sufficiently explained his rationale in crediting certain evidence . . . [t]he court review[s] the ALJ's and the Board's conclusions of law de novo to determine whether they are rational and consistent with applicable law.

Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). If substantial evidence does not support the ALJ's findings; if the ALJ failed to analyze all the relevant evidence; or if the ALJ failed to adequately explain the rationale for crediting certain evidence, the Court should remand the case for proper consideration. Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 440 (4th Cir. 1997). Substantial evidence "means such relevant evidence as a reasonable mind

4

might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

The Court reviews the Board's "decisions for errors of law and to ensure the [Board's] decision adhered to its statutory standard of review. [Citation omitted]. To that end, we undertake an independent review of the record, as in the place of the BRB, to determine whether the ALJ's factual findings were based upon substantial evidence in the record." Dehue Coal Co. v. Ballard, 65 F.3d 1189, 1193 (4th Cir. 1995). "This Court reviews the legal conclusions of the BRB and the ALJ de novo to determine whether those conclusions are rational and consistent with applicable law." RB&F Coal, Inc. v. Mullins, 842 F.3d 279, 283 (4th Cir. 2016)(citing Westmoreland Coal Co. v. Cox, 602 F.3d 276, 282 (4th Cir. 2010) (quoting Milburn Colliery Co., 138 F.3d at 528).

## II. THE BOARD ERRED IN AFFIRMING THE ALJ'S FINDINGS THAT THE CLAIMANT PROVED HE WAS TOTALLY DISABLED FROM A PULMONARY OR RESPIRATORY STANDPOINT

Clinchfield asserts the evidence fails to support the ALJ's finding that Claimant proved he was totally disabled. The Board erred in failing to require the ALJ to properly apply 20 C.F.R. § 718.204(b)(2). The Board committed reversible error by allowing the ALJ to ignore the standard set forth in the regulations and find Claimant is entitled to benefits. The Board erred in affirming that the ALJ decision was in accordance with the regulations and the case law.

Claimant has the burden to establish he is entitled to benefits.  To do so, a claimant must prove (1) he has pneumoconiosis (2) arising out of coal dust exposure, (3) which caused or contributed to (4) a disabling pulmonary or respiratory impairment.  Milburn Colliery Co., 138 F.3d at 529 (4th Cir. 1998); Jewell Smokeless Coal Corporation v. Street, 42 F.3d 241 (4th Cir. 1994).  Failure to prove any one of these elements requires denial of the claim.  Anderson v. Valley Camp of Utah, Inc., 12 B.L.R. 1-111 (1989). Claimant can take advantage of two presumptions to satisfy this burden of proving entitlement; the rebuttable presumption found at 30 U.S.C. § 921(c)(4) ("the 15-year presumption") and the conclusive presumption found at 30 U.S.C. § 921(c)(3).

In March 2010, Congress resurrected 30 U.S.C. § 921(c)(4), providing that a miner who worked 15 years or more in underground mining or in surface mining with equivalent exposure can be presumed totally disabled due to pneumoconiosis if claimant was totally disabled by a pulmonary or respiratory impairment without evidence of complicated pneumoconiosis.  West Virginia Pneumoconiosis Fund v. Director, OWCP, 671 F.3d 378 (4th Cir. 2011).  The burden is on claimant to prove the existence of total disability by the preponderance of the evidence.  20 C.F.R. § 718.305(b)(1)(iii).  If the presumption is invoked, the burden shifts to the Operator to prove claimant does not or did not have clinical or legal pneumoconiosis or that "no part" of claimant's disability was caused by pneumoconiosis.  20 C.F.R. § 718.305(d)(1).

The regulations provide four methods to establish total disability; pulmonary function tests (PFTs), arterial blood gas studies (ABGs), cor pulmonale with right-sided congestive heart failure, or a physician exercising reasoned medical judgment, based on medically acceptable clinical or laboratory diagnostic techniques, concludes that a claimant's respiratory or pulmonary condition prevented him from engaging in employment. 20 C.F.R. § 718.204(b)(2). The Board properly affirmed the ALJ's findings that the miner did not have cor pulmonale and that the ABG and PFT evidence did not support a finding of total disability. JA 45-52. However, the Board erred in affirming the ALJ's findings regarding the medical opinion evidence. Clinchfield asserts neither substantial evidence nor the law supports a finding that Claimant proved he has a totally disabling respiratory or pulmonary impairment by way of the medical opinion evidence.

>    A.    *The Board's and the ALJ's consideration of the medical opinions finding total disability does not comply with the applicable law or the Administrative Procedure Act and is not supported by substantial evidence.*

Here, the ALJ failed to provide an adequate explanation for her findings and determinations as required by the Administrative Procedure Act ("APA") and regulations. 5 U.S.C. § 557(c)(3)(A); 20 C.F.R. § 718.204(b)(2). The Board erroneously affirmed the ALJ's findings that are neither rational nor in accordance with the law, as the ALJ failed to consider all the evidence, mischaracterized the

evidence, and failed to adequately explain her consideration and weighing of the evidence, as required by the APA. 5 U.S.C.A. § 706.

Clinchfield asserts the ALJ failed to give adequate reasoning for her weighing of Dr. Raj's and Dr. Keene's opinions. The ALJ also improperly discredited Dr. Sargent's opinions. The ALJ failed to review and weigh Dr. Raj's and Dr. Keene's opinions as critically as she reviewed Dr. Sargent's opinions. The Board failed to require the ALJ to address the many issues with Dr. Raj's and Dr. Keene's opinions. The ALJ, without adequate explanation, found the medical opinion evidence supported Claimant in proving he was totally disabled.

The regulations at 20 C.F.R. § 718.204(b)(2)(iv) provide that a doctor's opinion must be "based on medically acceptable clinical and laboratory diagnostic techniques." There is no allowance for a doctor, let alone an ALJ, to base a finding of total disability solely upon a living miner's subjective complaints or upon the simple fact that he is receiving treatment.

The ALJ based her findings of total disability entirely upon the reports of Dr. Raj and Dr. Keene.  JA 35-36. Dr. Raj's and Dr. Keene's opinions are not well-reasoned or well-documented.  In Fuller v. Gibraltar Corp., 6 B.L.R. 1-1292 (1984), the Board held an unsupported medical conclusion is not a reasoned diagnosis.  See also, Duke v. Director, OWCP, 6 B.L.R. 1-673 (1983) (a report is properly discredited where the physician does not explain how underlying documentation

supports his or her diagnosis).  A doctor's narrative of a claimant's symptoms is insufficient to establish total disability.  <u>McMath v. Director, OWCP</u>, 12 BLR 1-6 (1988).

A claimant is considered totally disabled "when pneumoconiosis prevents him or her from engaging in gainful employment requiring the skills and abilities comparable to those of any employment in a mine or mines in which he or she previously engaged with some regularity and over a substantial period of time." 30 U.S.C. § 902(f)(1)(A). The applicable regulations explain that "a miner shall be considered totally disabled if pneumoconiosis as defined in § 718.201 prevents or prevented the miner ... [f]rom performing his or her usual coal mine work." 20 C.F.R. § 718.204(b)(1)(i). To prove total disability under 20 C.F.R § 718.204(b)(2)(iv), claimant must submit a reasoned medical opinion which relies upon medically acceptable clinical or laboratory diagnostic techniques.

The ALJ in error and without adequate explanation effectively relied upon Dr. Raj's and Dr. Keene's opinions. JA 35-36. The ALJ failed to explain how Dr. Raj's and Dr. Keene's opinions constituted a well-documented or well-reasoned opinion and failed to resolve the discrepancies and inadequacies in their opinions.

"Even if legitimate reasons exist for rejecting [or crediting] certain evidence, the [ALJ] cannot do so for no reason or for the wrong reason." <u>Sea "B" Mining Co. v. Addison</u>, 831 F.3d at 252-53, *citing* <u>King v. Califano</u>, 615 F.2d 1018, 1020 (4th

9

Cir. 1980). Here, the ALJ credited Dr. Raj's opinion on total disability for the wrong reason. Dr. Raj stated Claimant lacked the pulmonary capacity to return to work and is totally disabled but failed to provide any reasoning for his opinion other than the qualifying ABG results obtained during his own examination and Claimant's reported symptoms. JA 267. Dr. Raj based his opinion solely on what was presented to him the day of his exam. He failed to explain how, from a pulmonary perspective, the clamant continued to be considered totally disabled given the non-qualifying PFT results and later non-qualifying ABG results. Dr. Raj failed to explain how the Claimant was totally disabled based on the ABG results when the ALJ found the ABG evidence failed to prove total disability.

The ALJ stated Dr. Raj found the ABG evidence supported his opinion. However, that does not alleviate the fact that the testing on which he relied later improved to non-disabling values. The ALJ found the PFT and ABG evidence did not support a finding of total disability. JA 57-59. Dr. Raj relied on the ABG evidence in opining the Claimant was totally disabled. JA 267. Thus, Dr. Raj's opinion is based on evidence that was not found indicative of total disability. It is illogical and poorly explained for the ALJ to rely on a medical opinion that relied on diagnostic testing that later improved.

Dr. Raj can rely on non-qualifying testing to find the Claimant is totally disabled but he is still required to explain how, based on that testing, the Claimant is

unable, from a pulmonary perspective, to perform his last coal mine job. An experts opinion cannot be considered well-reasoned when that expert failed to explain how a Claimant, whose testing is non-qualifying, is totally disabled. The ALJ failed to address the fact that Dr. Raj never explained why, given the Claimant's duties, he was unable to, from a <u>pulmonary standpoint</u>, perform his last coal mine job. Simply stating in a report that a Claimant is totally disabled is not enough reason to be given weight.

An opinion of total disability <u>must</u> be based on medical testing and the claimant's job duties. The ALJ must critically analyze **all** the medical opinions and resolve the discrepancies. The ALJ cannot assume that based on the symptoms listed by Dr. Raj he would opine Claimant was totally disabled even without the qualifying ABG results. Although the regulations allow an ALJ to consider lay testimony on the issue of total disability in certain survivor's claims, they do not allow an ALJ to find total disability based upon lay testimony in miners' claims. *See* 20 C.F.R. §§ 718.204(d) and 718.305(b)(3). Thus, even if Dr. Raj's medical opinion was based only on Claimant's own reported symptoms, that opinion is not entitled to weight as it is based solely on the living miner's testimony.

Additionally, the ALJ improperly inferred that Dr. Keene provided an opinion regarding disability. JA 36. Dr. Keene failed to provide an opinion as to total disability. Simply put, an ALJ is not at liberty to infer an element of entitlement that

must be affirmatively proven by Claimant. Dr. Keene noted she reviewed the February 2017 ABG and the April 3, 2013 and August 28, 2017 positive x-ray readings. JA 116. Dr. Keene opined Claimant's symptoms were "most likely" due to coal workers' pneumoconiosis. JA 116. Dr. Keene then stated that based on the evidence reviewed Claimant's shortness of breath required him to take frequent rest and would "limit his activities." JA 116. Dr. Keene never stated the limited activities would prevent Claimant from performing his last coal mine job. A medical opinion that fails to diagnosis a claimant as totally disabled or to otherwise address the severity of his impairment in such a way as to permit the administrative law judge to infer total disability cannot constitute probative evidence of total disability pursuant to 20 C.F.R. § 718.204(b)(1). See Budash v. Bethlehem Mines Corp., 9 BLR 1-48 and 13 BLR 1-46 (1986) aff'd on recon., 9 BLR 1-104 (1986)(en banc); Gee v. W.G. Moore and Sons, 9 BLR 1-4 (1986); Wright v. Director, OWCP, 8 BLR 1-245 (1985).

Dr. Keene failed, based on the limited evidence she reviewed, to provide an opinion as to whether the claimant was totally disabled from a pulmonary or respiratory standpoint. The ALJ cannot infer or mischaracterize an expert's opinion. Here Dr. Keene simply stated Claimant's own reported symptoms would limit his activities. JA 116. Having a "limit on activities" is not equivalent to being totally disabled from a pulmonary or respiratory standpoint. Additionally, Dr. Keene did

12

not discuss or state that Claimant's reported shortness of breath was related to the his pulmonary or respiratory ability. Based on the description provided by Dr. Keene, the ALJ cannot infer that a "limit on activities" is a totally disabling respiratory impairment.

The ALJ failed to resolve the discrepancies and lack of explanation in Dr. Keene's medical opinion. The ABG obtained by Dr. Keene during the Claimant's treatment was non-qualifying. JA 188. However, Dr. Keene ignored that ABG and, instead, without explanation relied on an earlier non-qualifying ABG. The ALJ failed to acknowledge the treatment record ABG ordered and obtained by Dr. Keene, which she failed to address. The ALJ to properly rely on Dr. Keene's opinions, must resolve the discrepancies within that opinion. Dr. Keene never provided any indication she understood what Claimant's last coal mine employment consisted of or how Claimant's self-reported symptoms would prevent him from performing his last coal mine job. ALJ improperly credited Dr. Keene's medical opinion, without considering whether Dr. Keene had any knowledge of the exertional requirements of Claimant's usual coal mine work. Per the regulations, having a pulmonary impairment and being totally disabled from a pulmonary impairment are separate things. It is not enough that Dr. Keene asserted Claimant had a pulmonary impairment. According to the APA, the ALJ must explain how Dr. Keene's medical opinion proved that Claimant's reported symptoms and an ABG that was

contradicted by later ABGs was totally disabling.  It is not an element that can be inferred.

In the January 31, 2022 decision, the Board stated it remanded the case "Because the ALJ did not address whether Claimant's respiratory symptoms and physical limitations that all the physicians noted preclude him from performing the heavy manual labor associated with his usual coal mine work, we vacate her determination that the medical opinion evidence is insufficient to establish total disability at 20 C.F.R. § 718.204(b)(2)(iv)." JA 50.  That cited section specifically provides that total disability can be shown if "a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in employment."  20 C.F.R. § 718.204(b)(2)(iv). Thus, for the ALJ to give weight to a physician's opinion, the decision **must** be based on clinical and laboratory diagnostics techniques. In <u>Milburn Colliery Co. v. Director, OWCP</u>, 138 F.3d 524, 533 (4th Cir. 1998), the court held, "While relevant to the issue of whether there is a totally disabling respiratory impairment, a miner's own statements about his history of coal mine employment or symptoms of pneumoconiosis are not conclusive in resolving conflicting medical opinion evidence." Thus, any reliance Drs. Raj and Keene had on the Claimant's own narrative of his symptoms is not sufficient to entitle their opinions to any weight.

Additionally, as noted above Dr. Raj relied on diagnostic testing, which later improved.

The Board requested the ALJ take into consideration the Claimant's reported respiratory symptoms and physical limitations. However, the ALJ, per the case law and regulations, cannot act as an expert to find the Claimant's own lay narrative supports a finding of total disability. The regulations clearly provide that "[i]n the case of a living miner's claim, a finding of total disability due to pneumoconiosis shall not be made solely on the miner's statements or testimony." 20 C.F.R § 718.204(d)(5). Thus, the miner's reported statements to an expert regarding his own self prescribed physical limitations and symptoms is not sufficient in and of itself to find the claimant is totally disabled. Additionally, while an expert can take into consideration the claimant's reported symptoms, as a factor, they cannot rely on the claimant's statements as their only basis for finding the claimant totally disabled. A medical expert must explain how the reported physical limitations are pulmonary or respiratory in nature and how those reported symptoms, along with the diagnostic data, would cause Claimant to be totally disabled from a pulmonary or respiratory standpoint. Here, while Dr. Raj and Dr. Keene considered the claimant's reported physical limitations and symptoms, they did not consider the later non-qualifying testing.

No well-reasoned or well-documented medical opinion exists finding Claimant totally disabled from a pulmonary or respiratory standpoint. Even if the claimant's narrative of his physical limitation and symptoms were taken into consideration, he still has not meet his burden under 20 C.F.R § 718.204 to prove he is totally disabled.

The ALJ's opinion is not supported by the record as she failed to provide any explanation for why Dr. Raj's and Dr. Keene's medical opinions were entitled to weight and supported claimant in proving total disability. The ALJ mischaracterized the evidence and failed to address or resolve the discrepancies in Dr. Raj's and Dr. Keene's opinions.  It is the claimant's burden to prove total disability. The ALJ and the Board cannot ignore the obvious issues in Dr. Raj and Dr. Keene's opinions. Claimant's medical opinion evidence must, on its own, prove he is totally disabled and in this case the evidence is simply inadequate. The Court must, based on the errors in the ALJ's May 31, 2023 decision and Board's January 31, 2022 and September 30, 2024 decisions, vacate the finding of total disability and remand the case for further consideration

B.    *Substantial evidence does not support the ALJ'S findings regarding Dr. Sargent's medical opinion and the diagnostic evidence, nor do the findings comply with applicable law or the Administrative Procedure Act*

The Board erred in affirming the ALJ's findings regarding the medical opinion evidence. The ALJ rejected Dr. Sargent's opinions regarding total disability

16

for improper reasons. First, the ALJ critically evaluated Dr. Sargent's medical opinion without applying the same standard to Dr. Raj's and Dr. Keene's medical opinions. The ALJ **cannot selectively analyze** the evidence by only reviewing the evidence that supports her conclusion.  See Peabody Coal Co. v. Lowis, 708 F.2d 266 (7th Cir. 1983); See also Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438. The ALJ cannot use experts understanding of the diagnostic testing and reported symptoms to discredit the employer's experts and then not apply the same standards to the experts which support his conclusion. The ALJ failed to apply the same legal standard used to discredit the employer's experts to the other experts in the case. If Dr. Sargent had an inadequate understanding or explanation of Claimant's diagnostic testing, then Dr. Raj and Dr. Keene, who did not discuss the later improved testing, also had an inadequate understanding and thus cannot be given weight.

Additionally, the ALJ mischaracterized the evidence to discredit Dr. Sargent's medical opinion. The ALJ found Dr. Sargent failed to consider Claimant's subjective complaints or his "inability to complete the exercise ABG testing." JA 36. However, Dr. Sargent specifically addressed the exercise ABG in his deposition. JA 213. Dr. Sargent stated Claimant had to terminate the ABG due to a coughing episode. JA 122. However, prior to ending the exercise a blood sample was drawn and it showed normal oxygenation. JA 122-123. Contrary to the ALJ's finding, an exercise ABG

was completed. The ALJ cannot mischaracterize the evidence and then use that mischaracterization to discredit Dr. Sargent's opinions. No other ABG in the record included exercise testing.[1]

The ALJ also erroneously discredited Dr. Sargent for relying on the values obtained during the diagnostic testing. However, logically if the claimant's symptoms of a cough or shortness of breath were causing a disabling impairment that impairment would have been demonstrated in the values obtained during the testing. The regulations specifically provide that an expert opinion regarding disability must be based on "medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 718.204(b)(2)(iv). Dr. Sargent, in accordance with the regulations, opined that based on the ABG and PFT evidence there was no evidence that Claimant's symptoms were disabling. Dr. Sargent physically examined Claimant and reviewed all the evidence in the record. He concluded Claimant was not totally disabled from a pulmonary standpoint. JA 122-123. He relied on the most recent ABGs which were non-qualifying and not disabling, all the PFTs which were

---

[1] If the ALJ was referring to the DOL's exercise ABG, it was not performed or offered due to the fact that qualifying resting results were obtained. JA 279. The DOL's ABG notes that an exercise ABG was medically contradicted. However, there is no medical reason provided for not performing an exercise ABG. Instead, the ABG notes that an exercise ABG weas not performed because "met DOL table." JA 279. Thus, claimant did not perform an exercise ABG during his DOL examination because the resting ABG was technically qualifying and not due to a pulmonary or respiratory inability to perform the testing.

non-qualifying and not disabling, and because claimant had no other evidence of a totally disabling respiratory disease. JA 122-125. Dr. Sargent stated, based on the medical history and diagnostic testing, that Claimant was not totally disabled by a respiratory or pulmonary impairment. JA 122-125. He explained Claimant's latest resting and exercise ABG results do not meet the criteria for disability.

Dr. Sargent also interviewed Claimant regarding the requirements of his last coal mine job, which was as a mechanic and electrician. Dr. Sargent explained, based on the diagnostic testing results, Claimant could perform his last coal mine job. Dr. Sargent took into consideration the claimant's last coal mine job and the medically accepted clinical and laboratory diagnostic techniques and found the claimant was not totally disabled from a pulmonary or respiratory standpoint. It is contrary to the regulations for the Board to affirm the ALJ's rejection of an experts opinion that simply relies on the diagnostic testing which is medically accepted to demonstrate pulmonary impairment.

The ALJ erroneously discredited a medical expert's opinion for relying on the objective test results and the Board committed error in not vacating that fining. Here, the ALJ's error is not harmless. The rejection of Dr. Sargent's opinion allowed the ALJ to find the medical opinion evidence preponderated to establish total disability. The court must vacate the Board's failure to vacate the ALJ's finding discrediting Dr. Sargent's well reasoned and documented medical report and opinion

19

and remand this case for further consideration consistent with the Act and the regulations.

## CONCLUSION

The ALJ's finding that Claimant is entitled to benefits is not supported by substantial evidence nor is it according to law as it directly contradicts the Act, the regulations, the preamble, and the case law. The ALJ's findings and evaluation of the medical reports is not supported by substantial evidence, as she failed to adequately explain her findings and her reasoning.  The ALJ and the Board ignored plain words in the regulations that provide the standards for medical opinion evidence. Here, the ALJ selectively analyzed the medical opinions by rejecting well-reasoned and supported medical opinions in favor of less documented and reasoned medical opinions.

Clinchfield requests the Court vacate the Board's and ALJ's decisions and remand to the Board with instructions to remand to the ALJ for proper consideration and evaluation of the evidence considering the controlling case law, regulations, and the Act.

## REQUEST FOR ORAL ARGUMENT

The Petitioner, Clinchfield Coal Company requests that the Court hear oral argument in this matter.

Respectfully submitted,

20

CLINCHFIELD COAL COMPANY

By Counsel

PENN, STUART & ESKRIDGE
208 E. Main Street
P.O. Box 2288
Abingdon, Virginia  24212-2288

By: s/ Timothy W Gresham
     Timothy W Gresham
     VSB No. 21814
     276-628-5151 (voice)
     276-628-5621 (facsimile)
     tgresham@pennstuart.com

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

This document contains <u>4,709 words</u>.

2.    This document complies with the typeface requirements because:

This document has been prepared in a proportional spaced typeface using Microsoft Word in <u>14-point Times New Roman</u>.


Dated March 26, 2025,

<u>s/Timothy W. Gresham</u>
Timothy W. Gresham
